UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

GARY LABARBERA and FRANK FINKEL,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and    ORDER
Vacation Sick Leave Trust Funds

    CV 2006-2284 (JG)(MDG)

               Plaintiffs,

   - against -

R & S United Services, Inc.,

               Defendant.

- - - - - - - - - - - - - - - - - - -X

    This order addresses plaintiffs' letter application for sanctions, including preclusion and a monetary penalty, for defendant's failure to provide discovery ordered by the Court. See ct. doc. 15.

    Scott Yaffe, Esq., counsel for defendant, responds that he was not aware of the deadline for compliance because his e-mail program put the e-mail notices of electronic filings from the Court in a junk mail folder. See ct. doc. 16. While this Court accepts counsel's statement that he did not receive an ECF notice of the minute entry, counsel's claim that no due date for the supplemental responses was set at the last conference is simply wrong. After settlement negotiations reached an impasse, the Court required counsel to appear in person at the conference, as requested by plaintiffs. See endorsed order filed on 12/4/07. At the conference, the Court discussed remaining discovery in the

case and plaintiff's dissatisfaction with defendant's prior discovery responses.  The Court then set a deadline for the defendant to supplement responses and extended the fact discovery deadline.

Nonetheless, this Court denies plaintiffs' request for sanctions because they failed to indicate that they complied with the requirement of Local Civil Rule 37.2 that they make a good faith attempt to resolve a discovery dispute prior to seeking judicial intervention.  Given defendant's compliance after Mr. Yaffe received a mailed copy of plaintiffs' application, it appears that the instant dispute may have been avoided had plaintiffs' counsel called or sent an e-mail after the deadline passed.  However, defendant is warned that whether or not it receives electronic notification of a minute entry, it is expected in the future to note and comply with rulings made at a court proceeding and comply with orders and discovery requests in a timely fashion.  While a delay of two weeks in responding is not sufficient to warrant the sanction of preclusion at this juncture, continued and further delay may constitute prejudice sufficient to justify the imposition of sanctions in the future.

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 9, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE