UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GARY LABARBERA and FRANK FINKEL,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare, Pension,
Annuity, Job Training and Vacation Sick Leave
Trust Funds,

      Plaintiffs,

  -against-

R & S UNITED SERVICES, INC.,

      Defendant.
----------------------------------------------------------------x

FOR ONLINE PUBLICATION ONLY

MEMORANDUM
AND ORDER
06-CV-2284 (JG) (MDG)

A P P E A R A N C E S :

  AVRAM H. SCHREIBER
    40 Exchange Place, Suite 1300
    New York, NY 10005
    Attorney for Plaintiffs

  SCOTT M. YAFFE, ESQ.
    26 Broadway, Suite 2300
    New York, NY 10004
    Attorney for Defendant

JOHN GLEESON, United States District Judge:

  Gary LaBarbera and Frank Finkel bring this action in their capacity as trustees of several trust funds maintained by Local 282 of the International Brotherhood of Teamsters, seeking to recover fringe benefit trust fund contributions allegedly owed by R & S United Services, Inc., ("R & S"), a heating, ventilation, and air conditioning contractor, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145. The contributions at issue relate to the hours of one employee, Gordon Jones, who was a teamster and also a member of R & S's management. Jones reported that he only performed teamster work

during some of his work hours, and R & S paid trust fund contributions only for those hours. The plaintiffs argue that they are entitled to further contributions in light of R & S's poor recordkeeping. The parties cross-move for summary judgment. For the reasons set forth below, both motions are denied.

BACKGROUND

R & S is a climate control contractor and pipe and sheet metal duct manufacturer located in Amityville, NY, and has a collective bargaining agreement ("CBA") with Local 282. The CBA provides that R & S is obligated to make contributions to funds of which the plaintiffs are trustees -- a vacation and sick leave fund, a welfare fund, a pension fund, and an annuity fund -- for each hour an employee works under the CBA. Yaffe Aff. Ex. E. §§ 4, 18. The CBA does not precisely specify how to calculate which hours are worked under the CBA, but appears to contemplate covering only the tasks of truck operator, yardman, and helper. *Id.* § 1.

Jones is a Local 282 member and an R & S employee. Jones is a member of R & S's management, responsible for coordinating between the company's sheet metal work and piping work; for transporting pipes and ducts; and for overseeing the installation of the pipes and ducts at the job sites. Polischuk Aff. ¶ 4.[1] His work for Local 282 was simply driving the company's only truck carrying pipes and ducts, and all of his other work was non-union work.

---

[1] The plaintiffs dispute the assertions in this paragraph and the next, apparently on the grounds that the portion of the defendant's statement pursuant to Local Civil Rule 56.1 making these claims is not supported by a citation to admissible evidence. Pls.' Rule 56.1 Resp. ¶¶ 28-33. However, this portion of the defendant's Rule 56.1 statement cites to the affidavit of R & S's president Yefim Polischuk, Def.'s Rule 56.1 Stmt. ¶ 28-33, which was based on his personal knowledge, Polischuk Aff. ¶ 1.

Beyond the fact that the plaintffs' objection is incorrect, I note that it is odd for the plaintiffs to raise it at all, given that *none* of the assertions in their own response to the defendant's Rule 56.1 statement are supported by citations to admissible evidence. Even more baffling is the defendant's inexplicable decision not to submit a memorandum of law in support of its motion. Although I will not impose sanctions for these lapses, the attorneys for both parties would do well to comply with all applicable local rules in the future. *See* E.D.N.Y. Civ. R.

Jones kept track of his covered hours himself, and reported them to R & S monthly. R & S accepted Jones's reported hours and paid benefits associated with those hours. Jones reported his hours verbally to a member of R & S's administrative staff, who recorded them by hand. These handwritten reports were transferred into the company's computer system and reported to Local 282. It is undisputed that R & S did not maintain records regarding the transportation of pipes and ducts, or when the truck was used.

There are several irregularities in Jones's records of covered hours worked.[2] Most of the records report Jones as working 70 covered hours per month, until December 2006. After that time, with the exception of two months, Jones is recorded as working 160 or more covered hours per month. In November and December of 2003 and January, April and May of 2004, R & S reported to Local 282 that Jones had worked 70 covered hours -- the minimum necessary for Jones to be eligible for benefits – when the handwritten reports for those months record him as working only 68 or 69 hours. Additionally, in June of 2003, R & S reported to Local 282 that Jones had worked 100 covered hours, whereas the handwritten report reflected that he had worked 96 hours. During the period involved in the lawsuit, all of R & S's projects were in New York City or on Long Island, and R & S's president Yefim Polischuk estimated that it should have taken no more than two hours for Jones to drive to any job site. Polischuk Aff. ¶ 8.[3] Given that there was usually need for no more than two trips a week, *id.*, the maximum amount of driving Jones would have been expected to perform would be 32 hours per month,

---

7.1(a) (requiring all motions to be supported by a memorandum of law); E.D.N.Y. Civ. R. 56.1(d) (requiring assertions in response to Rule 56.1 statements to be supported by citations to admissible evidence).

[2] The plaintiffs suggest that these irregularities provide a basis for disputing the assertions in the previous two paragraphs, but do not provide an alternative theory of Jones's relationship to the company or actual recordkeeping practice.

[3] Polischuk's affirmation actually states, "In my estimation, it should have taken more than two hours for Gordon [Jones] to drive from the plant to any job site." *Id.* However, the defendant concedes that the word "not" was unintentionally omitted from that sentence. Def.'s Reply Mem. 11.

less than the 70 hours per month reported. Further, the handwritten report for July of 2003 is dated July 2006. No handwritten monthly reports were submitted for the months of September 2004, March 2005 and May 2005.

The plaintiffs conducted two audits, comparing Jones's payroll records with the reported covered hours,[4] and determined that there had been a deficiency in trust fund contributions. In each audit, this deficiency was calculated as if all of the hours on Jones's payroll records were covered hours. Yaffe Aff. Exs. C, D. In the second audit, the auditor commented that all of Jones's work hours were deemed to be covered hours because the hours were not reported to any other union. Yaffe Aff. Ed. D 7. In May of 2006, the plaintiffs commenced this action seeking to recover the deficiency in trust fund contributions.

DISCUSSION

A. *The Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56(c), a moving party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir. 1994) ("[T]he burden is on the moving party to demonstrate that no genuine issue respecting any material fact exists." (citing *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975))). A fact is "material" within

---

[4] The first auditor claims she also compared the remittance reports with "other related data made available," without specifying what data she refers to. Yaffe Aff. Ex. C 2. The second auditor also reports reviewing the payroll records, remittance reports, cash disbursements journal, general ledger, corporate tax returns and vendor invoices to determine if R & S used non-union employees to perform covered work. Yaffe Aff. Ex. D. 4.

4

the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (*per curiam*), and *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989)). Therefore, although a court "should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods. Co.*, 530 U.S. 133, 151 (2000).

However, the nonmoving party cannot survive summary judgment by casting mere "metaphysical doubt" upon the evidence produced by the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is proper when the moving party can show that "little or no evidence may be found in support of the nonmoving party's case." *Gallo*, 22 F.3d at 1223-24 (citations omitted).

B.  *The Cross-Motions for Summary Judgment*

The plaintiffs initially sued seeking to recover the deficiency identified in the audits, apparently on the theory that they are entitled to trust fund contributions for all of Jones's work hours, regardless of whether he performed teamster work. They do not supply any argument in support of this position in opposition to the defendant's motion, however, and at oral

5

argument conceded that they are only entitled to contributions for hours in which Jones drove the company's truck.

However, "ERISA imposes a duty upon the employer to keep records of the hours worked by its employees." *Barbera v. A. Morrison Trucking, Inc.*, No. 00-CV-7218 (RLM), 2004 WL 3741664, at *10 (E.D.N.Y. Mar. 8, 2004), *rev'd in part on other grounds sub nom. LaBarbera v. A. Morrison Trucking, Inc.*, 197 F. App'x 18 (2d Cir. 2006). Although the Second Circuit has not explicitly decided the issue in an opinion with precedential value, it has repeatedly cited the burden-shifting analysis employed by the Sixth, Ninth, and Eleventh Circuits. *See, e.g.*, *La Barbera v. J.D. Collyer Equip. Corp.*, 337 F.3d 132, 139 n.3 (2d Cir. 2003) (citing *Mich. Laborers' Health Care Fund v. Grimaldi Concrete, Inc.*, 30 F.3d 692, 696 (6th Cir. 1994); *Brick Masons Pension Trust v. Indus. Fence & Supply*, 839 F.2d 1333, 1338 (9th Cir. 1988); *Combs v. King*, 764 F.2d 818, 822-25 (11th Cir. 1985)); *N.Y. State Teamsters Council Health & Hosp. Fund v. Estate of DePerno*, 18 F.3d 179, 183 (2d Cir. 1994) (citing *Brick Masons* and *Combs*); *see also Mastrandea v. Nassau Land Improvement Co., Inc.*, No. 98-9016, 1999 WL 461811, at *3 (2d Cir. 1999) ("Although this court has cited *Combs* and *Brick Masons* with approval, and although district courts within this circuit have used the *Combs* burden-shifting analysis, this court has never had occasion to adopt the *Combs* approach. The instant case does not require us to decide whether the *Combs* standard is, or should be, the law of this circuit." (internal citations omitted)); *cf. LaBarbera*, 197 F. App'x at 21 (citing and applying burden-shifting analysis of *Combs*, *Brick Masons*, and *Grimaldi* in unpublished opinion).

Accordingly, district courts in this circuit employ the burden-shifting approach to determine when allegedly inadequate records entitle a court to find that an ERISA plaintiff is

6

entitled to benefits or trust fund contributions. *See, e.g.*, *Barbera*, 2004 WL 3741664, at *10 (citing cases); *Mason Tenders Dist. Council Welfare Fund v. M.A. Angeliades, Inc.*, No. 05-CV-8211 (LBS), 2007 WL 4208587, at *10 (S.D.N.Y. Nov. 20, 2007) (similar, citing cases). Under this analysis, first, "the Funds must establish a prima facie case by demonstrating the inaccuracy of the employer's contributions." *Local 282 Welfare Trust Fund v. A. Morrison Trucking, Inc.*, No. 92-CV-2076 (JMA), 1993 WL 120081, at *1 (E.D.N.Y. Mar. 30, 1993) (citing *Brick Masons*, 839 F.2d at 1338). If the plaintiff meets this burden, the employer must present evidence that either indicates the precise number of hours worked or negates "the reasonableness of the inferences to be drawn from the employee representative's evidence." *Mason Tenders*, 2007 WL 4208587, at *4 (citing *Grimaldi*, 30 F.3d at 696-97).

The plaintiffs are not entitled to summary judgment. It is true that they have met their burden of demonstrating the inaccuracy of R & S's records regarding Jones's teamster work performed and thus of its trust fund contributions, in light of the evidence that several of the reported hours appeared to be adjusted upward to 70 hours per month, the minimum necessary to qualify for benefits; the fact that one of the handwritten reports was dated 2006 (the year the plaintiffs filed this action) when it purportedly represented 2003; and Polischuk's affidavit stating that Jones probably only performed approximately 32 hours per month of covered work. However, a reasonable factfinder could find that Polischuk's affidavit satisfies the defendant's burden of proving that the inferences the plaintiffs wish to draw are unreasonable. Polischuk's affidavit, in conjunction with the fact that several of the handwritten slips suggest overreporting of hours worked, would support a reasonable finding that the recordkeeping irregularities were due to Jones inflating his covered hours worked in order to qualify for benefits. Of course, if

7

Jones overreported his covered hours worked, the trust funds would not be entitled to additional contributions.

However, the defendants are not entitled to summary judgment either. A reasonable factfinder need not credit Polischuk's testimony. The fact that starting in late 2006 -- after the lawsuit commenced -- Jones regularly began reporting 40-hour weeks of covered work would warrant the discrediting of Polischuk's testimony and a finding that Jones performed additional covered work before 2006. When asked at oral argument about this recent change, defendant's counsel exhibited striking candor in admitting that the reports of 40-hour weeks of current work were false, *i.e.*, that Jones is still working the same hours as a truck driver that he always worked (which R & S claims were accurately reported by the records currently in dispute).

Accordingly, both motions are denied. There is "no right to a jury trial under ERISA," *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003); *see also Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1257-59 (2d Cir. 1996) (finding no right to a jury trial in claim for ERISA benefits brought under 29 U.S.C. § 1132(a)(3)), and so I will resolve the disputed issues of fact at a bench trial.

## CONCLUSION

Accordingly, both motions for summary judgment are denied. A bench trial will be held on July 10, 2008.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 1, 2008
　　　　Brooklyn, New York